(170 App. Div. 445)

## ADAMS v. STEWART et al.

(Supreme Court, Appellate Division, First Department. December 10, 1915.)

1. PARTITION ⬤➔16—RIGHT TO—PURCHASER OF TENANT'S INTEREST.

Where plaintiff, without making any misrepresentations, purchased the undivided interest of a tenant in common, receiving a conveyance, and later, after discovering the tenant's misrepresentations concerning the nonexistence of liens, received a confirmatory conveyance, plaintiff, despite the tenant's subsequent conveyance of his interest to a trustee for the benefit of his wife, and the fact that the purchase money had not all been paid, and that the tenant had not given a title guaranty bond as provided, was entitled to partition of the property, so a judgment allowing the tenant or trustee to rescind upon repayment of that part of the purchase price advanced was erroneous, and the ordinary interlocutory judgment for partition and sale should be rendered.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 52; Dec. Dig. ⬤➔16.]

2. VENDOR AND PURCHASER ⬤➔43—CONTRACTS—RATIFICATION.

A purchaser of an interest of a tenant in common, though he receive a confirmatory conveyance, after discovering liens on the premises, is bound by his original agreement, and is liable for payment of any purchase money in excess of the liens.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 67, 68; Dec. Dig. ⬤➔43.]

3. DOWER ⬤➔46—RIGHT TO—CONVEYANCE OF DOWER INTEREST—PARTITION.

If the wife of a tenant in common failed to join in a deed of the tenant's undivided interest, and the grantee sues for partition, the value of her inchoate right of dower will be made a charge on a balance of the purchase price still owing by the grantee, the tenant having agreed to secure a conveyance from her, and such moneys will be held for her benefit as required by law.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 92, 145–153; Dec. Dig. ⬤➔46.]

Appeal from Special Term, New York County.

Action by James W. Adams against Edwin H. Stewart and others. From an interlocutory injunction, both plaintiff and defendant Elizabeth S. Turner appeal. Modified, and judgment ordered for plaintiff. See, also, 168 App. Div. 916, 152 N. Y. Supp. 1096.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

William G. Cooke, of New York City (Howard O. Wood, of New York City, on the brief), for appellant Adams.

Arthur D. Truax, of New York City, for appellant Turner.

Herman S. Hertwig, of New York City, for respondents Hanna and others.

LAUGHLIN, J. This is an action for partition of five parcels of real estate situate in the borough of Manhattan, New York, of which Benedict D. Stewart died seised on the 15th day of January, 1886, and which were devised by his last will and testament and a codicil thereto as part of his residuary estate, which he directed should be divided into six equal parts or shares and held by his executors as trustees in trust, one of such shares for each of his five children and one share for the widow and four surviving children of a deceased son. The will provided that, on the death of any of his children, the share of which such child had a life use should go in fee to the lawful issue, if any, of such child. One of his children was a daughter, Alida R. She died, according to the evidence, more than 10 years prior to the trial, which took place on the 10th of December, 1914, and left her surviving four children, the defendants Roland S., John S., and Harriet S. Pettit, and Mabel S. Carter, who upon the death of their mother each became seised, by virtue of the will of their grandfather, in fee of an undivided one twenty-fourth of the premises sought to be partitioned herein, subject, perhaps, to a power of sale by the executors of their grandfather. Although the undisputed evidence shows that Roland S. Pettit is the son of Alida R. Pettit, as already stated, the trial court found that he is the son of Harriet S. Pettit, and that upon her death in 1904 he became vested in possession of a one twenty-fourth undivided share of the premises in question. No complaint is made of this finding, but we find no warrant for it in the evidence, especially in view of another finding that said Harriet S. Pettit is seised in possession of an estate of inheritance in fee simple absolute of a one twenty-fourth undivided part of the premises.

On the 18th day of May, 1911, the defendant Roland S. Pettit duly executed and delivered to the plaintiff a deed, recorded June 1, 1911, by which he granted and released to the plaintiff all his right, title, and interest in and to such premises, and said Roland S. Pettit on the 27th day of June, 1911, likewise executed and delivered to the plaintiff a confirmatory deed of the same premises containing corrections with respect to the description of the property, and it was recorded on the 3d day of February, 1912. At the time Roland S. Pettit negotiated the sale of his interest to the plaintiff he applied to the Lawyers' Title Insurance & Trust Company for a policy of title insurance. The title certificate prepared by said company showed that the title acquired by the plaintiff by the first deed was subject to an outstanding interest of the defendant Turner by reason of an instrument recorded in Liber 1 of Decedents' Estates, at page 398. That instrument purported to be a conveyance by said Pettit on the 20th day of May, 1909, of all his right, title, and interest in the Stewart estate to said Turner, and it was so recorded in the office of the register of the county of New York in Liber 1 of Decedents' Estates, at page 398, on the 16th day of March, 1911. The plaintiff had no interest in the premises, other than the title acquired from said Roland S. Pettit.

The defendant Turner answered herein, claiming a one twenty-fourth interest by virtue of said deed to her, which was prior to either of the conveyances to the plaintiff. The uncontroverted evidence, how-

ever, shows that the deed to her was intended as security for moneys loaned by her husband to said Roland S. Pettit, and the trial court found that it was therefore a mortgage; and on further uncontroverted evidence that the indebtedness to secure which it was executed had been fully paid the court directed that it be discharged. The defendant Roland S. Pettit, after executing the deeds to the plaintiff, and after the same were recorded, and on the 30th day of June, 1913, executed a deed of all his right, title, and interest in and to the five parcels of real estate described in the complaint to the defendant Hanna, as trustee, for Leo N. Pettit, the wife of said Roland S. Pettit, in trust to receive the issues, rents, and profits thereof, and to apply the same to the use of said Leo N. Pettit during her life, and upon her death to convey the same to Jack Lawrence Pettit, in fee.

The defendant Hanna, as trustee, interposed an answer, denying the conveyances to the plaintiff, and denying the plaintiff's title as alleged in the complaint, and setting up the deed of trust to him, and alleging that the conveyances to the plaintiff were procured by false and fraudulent representations with respect to the value of the interest of said Roland S. Pettit, and prayed that it be adjudged that the deeds to the plaintiff were null and void and that they be canceled upon such terms as the court might deem just, and that it be adjudged that by virtue of the deed to him he had a valid and perfect title to a one twenty-fourth interest, subject to existing liens. The defendant Roland S. Pettit appeared in the action, but the record does not show any appearance for him on the trial. It may be assumed, therefore, that he does not object to the assertion of a vendor's lien in his right by the defendant Hanna, as trustee, and that he does not question the right of the latter to take any and all interest he may have in the premises.

The learned trial court, after the submission of the issues, filed a memorandum awarding judgment for the plaintiff, with costs, against the defendant Turner only, and directed that a proposed decision and judgment be submitted on notice. After passing on the requests to find, the court filed another memorandum directing that the proposed judgment should contain a provision that upon payment to the plaintiff of the amount advanced by him on the purchase of the interest of Roland S. Pettit, together with interest and other legal expenses, the deed from Roland S. Pettit be canceled and discharged of record, and directing that if the parties could not agree upon the amount due to the plaintiff a reference would be ordered to compute the same, and that a final judgment would be entered upon the coming in of the referee's report. No finding was made by the trial court on the issue with respect to the fraud alleged to have been perpetrated on said Roland S. Pettit by the plaintiff in procuring the conveyances. The court found that plaintiff is seised in possession of an estate of inheritance in fee simple absolute in a one twenty-fourth undivided part of the premises in question; that the conveyancs to plaintiff, as already stated, were made by Roland S. Pettit of a one twenty-fourth interest of the premises in fee, and that they were executed under an agreement by which the plaintiff was to pay the said Roland S. Pettit the

sum of $5,000 for the property conveyed, and that plaintiff has paid to apply thereon the sum of $800, and that the balance remains unpaid; that it was agreed at the time of the purchase that the balance of the purchase price was to be paid upon the delivery of a policy of the Lawyers' Title Insurance Company guaranteeing the title to the property covered by the conveyance; that Roland S. Pettit has a vendor's lien on the property conveyed for the unpaid balance of the purchase price, which lien was assigned and transferred by him to the defendant Hanna, as trustee, by said trust deed; and that Hanna, as trustee, thereby has an equitable lien on the one twenty-fourth interest conveyed by Roland S. Pettit to the plaintiff.

By the conclusions of law made by the trial court it is found that the defendant Hanna, as trustee, is entitled to recover of the plaintiff the sum of $4,200, or such sum as may be found due on obtaining a policy of the Lawyers' Title Insurance Company guaranteeing title to the one twenty-fourth interest conveyed by Roland S. Pettit to the plaintiff, and that such trustee has a vendor's lien on such interest for the balance of the purchase price agreed to be paid by the plaintiff to said Roland S. Pettit, and that upon a sale of the premises under a judgment in this action "without a policy of insurance having been written on the one twenty-fourth interest as aforesaid, the defendant William E. Hanna, as trustee, will be entitled to recover from the plaintiff the difference, if any, between $4,200 and such amount as shall be paid herein under final judgment to satisfy said lien on the aforesaid one twenty-fourth interest, as a search or reference pursuant to section 1561 of the Code of Civil Procedure shall show to have been liens upon the said one twenty-fourth interest at the time of the conveyance of it by Roland S. Pettit to the plaintiff," and that upon payment to the plaintiff of the amount so advanced by him, together with interest and other legal expenses, the conveyance to the plaintiff by Roland S. Pettit be canceled and discharged of record, and that the interlocutory judgment to be entered shall contain a provision for a reference to compute the amount so advanced by the plaintiff, together with interest and other legal expenses, and that upon a repayment of such amount the prayer of the plaintiff for partition of the premises shall be denied; but that if repayment shall not be made within 30 days after the amount shall be fixed, either by agreement of the parties or by reference, the plaintiff may apply to the court for such further relief as may be just and proper, and that the plaintiff shall recover costs against the defendant Turner.

[1] The evidence shows that at the time of the first conveyance by Pettit to the plaintiff $500 was paid on the purchase price, and that the balance of the purchase price was to be applied in discharge and satisfaction of any liens there might be against the interest of Roland S. Pettit, and the surplus, if any, was to be paid to Pettit. The title search showed liens against the interest of Roland S. Pettit in excess, without interest, by $120.17 of the balance of the purchase price, in addition to a judgment in favor of one Colby, a satisfaction of which was presented by Roland S. Pettit. It also appears that Roland S. Pettit was married and that his wife was living, and at the time the second deed was executed by him to the plaintiff he agreed, in con-

sideration for further payment, on account of the purchase price, of $300, which was then made to him for plaintiff, that he would have his wife execute the second deed. Pettit represented to the plaintiff's attorney, at the time the first payment of $500 was made, that his interest was free and clear of any liens. The plaintiff, on discovering that this was a misrepresentation, did not rescind, but insisted upon retaining and perfecting his title, and for that purpose made the further payment of $300. The second deed to the plaintiff was offered and received in evidence as Plaintiff's Exhibit 1, and in the offer it was stated to be from Roland S. Pettit and wife to the plaintiff; but it is not printed in the record and was not presented on the argument, and it does not otherwise appear whether or not it was executed by the wife of Roland S. Pettit. The evidence fairly shows that no misrepresentation was made to Roland S. Pettit, and that no advantage was taken of him, at the time of the execution of the deeds by him to the plaintiff. The evidence tends to show that prior to the trial the lien of the largest judgments against the interest of Roland S. Pettit had expired.

We are of opinion that the interlocutory judgment should be reversed, and that the plaintiff is entitled to an interlocutory judgment in the usual form for the partition and sale of the premises.

[2] Counsel for the plaintiff now insists that the payment of the $300 by plaintiff to Roland S. Pettit at the time of the execution of the second deed was in full satisfaction of any and all claims by the grantor for the balance of the purchase price, and that, if there be any balance after satisfying the liens against the interest of Roland S. Pettit, the plaintiff is not accountable to him therefor. There is no evidence to sustain that contention. The plaintiff must stand on the original agreement for the purchase of the right, title, and interest of Roland S. Pettit, and he is accountable for the balance of the purchase price.

[3] The interlocutory judgment, in so far as appealed from by the defendant Turner, should be affirmed, with costs, and in so far as appealed from by plaintiff should be reversed, with costs, and findings of fact numbered 15, 21, 22, 23, and 24, and conclusions of law numbered 2 to 8, inclusive, should be reversed, and appropriate findings of fact and conclusions of law should be made, directing the application of the balance of the purchase price unpaid to Roland S. Pettit to the satisfaction of any liens against his interest, and for the payment of the surplus, if any, to the defendant Hanna, as trustee, and in the event that the wife of Roland S. Pettit has not joined or shall not join in the conveyance of the interest of Roland S. Pettit to the plaintiff, then the value of her inchoate right of dower shall be deducted from any balance that would otherwise go to the defendant Hanna, as trustee, and shall be held for her benefit as provided by law in such case, and providing for the partition and sale of the premises, and that plaintiff is entitled to recover his costs against the defendants Turner and Roland S. Pettit, and for a modification of the interlocutory judgment accordingly.

Let a decision in accordance with these views be submitted for settlement on notice. Settle order on notice. All concur.